**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KRISTIN HAWTHORNE, | ) | No. CV 10-5760-CW |
| Plaintiff, | ) ) | DECISION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability and disability insurance benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

## I. BACKGROUND

Plaintiff Kristin Hawthorne was born on June 16, 1980, and was 25-years old at the time of her administrative hearing. [Administrative Record ("AR") 18, 90.] She has at least a high school education and past relevant work experience as a loan officer, loan

1

processor, and escrow clerk. [AR 18.] She alleges disability as a result of continued pain and limitations stemming from injuries suffered in a 1997 car accident.[1] [AR 26, 107.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged and filed on August 3, 2010. On February 23, 2011, defendant filed an answer and plaintiff's Administrative Record ("AR"). On June 27, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability and disability insurance benefits under Title II of the Social Security Act on December 12, 2007, alleging disability since March 1, 2006. [AR 90.]

After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on June 24, 2009, before Administrative Law Judge ("ALJ") David J. Marcus [AR 21-51.] Plaintiff appeared with counsel, and testimony was taken from both plaintiff, [AR 25-23], and vocational expert ("VE") Mr. Leeth [AR 43-48]. The ALJ denied benefits in an

---

[1] Specifically, plaintiff contends she is unable to work due to the following:
> Metal bar in left femur, screws in the hip, metal plates and screws in the right arm, three plates I the jaw, arthritis...three surgeries totaling over 10 hours, and 3 blood transplants. Left side broken hip, pelvis, and femur. Right side a broken ankle and arm. I broke my jaw in three places. My condition has worsened, I currently have a piece of bone stuck in between two muscles in my left leg and a piece of my radius is stuck in my wrist. I have lock jaw, back spasms, arthritis has taken a turn into serious.

[AR 107]

administrative decision filed on August 28, 2009. [AR 12-19.] When the Appeals Council denied review on June 19, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-2.] This action followed.

## IV. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

3

## V. **DISCUSSION**

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist

4

claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found plaintiff met the insured status requirements of the Social Security Act (the "Act") through December 31, 2011. He found that she had not engaged in substantial gainful activity from her alleged onset date, March 1, 2006 (step one); that she had the "severe" impairments of: status post motor vehicle accident with fractured mandible, fractured left femur, fractured right radius (step two); and that she did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 14-15.] The ALJ found that plaintiff has the RFC to: lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk two hours out of an eight hour workday; sit six hours of an eight hour workday; and occasionally kneel, with a preclusion from squatting (step four) [AR 15.]

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

The ALJ found that this RFC would permit plaintiff to perform her past relevant work as a loan officer, loan processor and escrow clerk. [AR 18.]

The ALJ went on to conclude that, based on plaintiff's RFC,[3] age, education and work experience, the Medical-Vocational guidelines support a finding of "not disabled" and that, in the alternative, there are other jobs that exist in significant numbers in the national economy that plaintiff could perform (step five). [AR 18.]

Accordingly, plaintiff was found not "not disabled" as defined by the Act. [AR 19.]

**C. ISSUES IN DISPUTE**

The Joint Stipulation identifies only one disputed issue: whether the ALJ properly rejected plaintiff's testimony. [JS 4.]

**D. ISSUE: CREDIBILITY ASSESSMENT**

Plaintiff argues the ALJ failed to offer any legally sufficient reason for declining to credit her statements about the severity of her pain and other limitations.

If an ALJ chooses to disregard a plaintiff's testimony, he must set forth specific cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). In other words, the credibility determination must be made with "'findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)(quoting Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)).

Absent affirmative evidence of malingering, an adverse

---

[3] The ALJ found that the RFC allows her to perform substantially all of the exertional demand of sedentary work. [AR 19.]

6

credibility finding must be based on "clear and convincing reasons." Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ must, furthrmore, "specifically identify" the testimony that he concludes is not credible and "explain what evidence undermines the testimony." Holohan v. Massanari, 246 F. 3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ specifically articulated multiple, legally sufficient reasons for declining to credit plaintiff's statements regarding the extent of her pain and functional limitations.

First, the ALJ found that, while plaintiff's 1997 car accident was undoubtably serious and she has suffered from continual pain since [e.g., AR 194, 233], she nonetheless was able to engage in substantial gainful employment from 1999 to 2003, and has offered no medical explanation for an alleged severe increase in pain. [AR 16.] Given that a plaintiff may properly be deemed "not disabled" under the Act when she has worked regularly for years notwithstanding alleged impairments of consistent magnitude, see Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005), the ALJ did not materially err in finding that the inconsistencies here – between plaintiff's allegations and her work activities – detract from her credibility, see Tonapetyan v. Halter, 242 F.3d at 1148 (ALJ may use "ordinary techniques of credibility evaluation" including considering inconsistent statements and inconsistencies between the record and her statements).

Second, the ALJ noted that plaintiff has made inconsistent statements about her employment history, which similarly detracts from her credibility. [AR 17.] At the hearing, plaintiff testified that she stopped working in 2006 "because the pain was too much" and her job was unwilling to allow her to take a six-month leave for

treatment. [AR 26.] At a 2008 examination, she told internist Rocely Ella-Tamayo, M.D., that she was fired from the same job. [AR 17, 195.] Although plaintiff's counsel urges that plaintiff's testimony does not conflict with her statement to Dr. Ella-Tamayo, and should be interpreted as meaning she was fired, the ALJ's interpretation of the testimony is reasonable and is based upon substantial evidence. [See, e.g., AR 107.] Thus, this finding is legally sufficient. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citation omitted) (even if plaintiff's testimony is equivocal and ALJ's interpretation is not the only reasonable one, if it is reasonable and supported, it is not the court's role to second-guess it.)

Third, the ALJ found plaintiff's allegations of debilitating pain are inconsistent with and unsupported by the objective medical evidence. For example, Dr. Ella-Tamayo opined that plaintiff is able to engage in a light level of work, in contrast to plaintiff's claims that she cannot. [AR 197.] An ALJ may consider physician opinions that plaintiff could work, which contradict plaintiff's assertion to the contrary, in determining credibility. Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995). As another example, plaintiff testified that she throws up over the course of several hours every morning [AR 35], whereas the ALJ observed that the medical record shows no evidence of such a problem and reflects only a single trip to the emergency room after vomiting that was due to an allergic reaction to antibiotics from Mexico [AR 327-28]. The ALJ is permitted to consider such apparent inconsistencies in the credibility assessment. See Rollins v. Massanari, 261 F.3d at 857 (citation omitted).

While plaintiff is correct that the Commissioner may not decline to credit the degree of pain alleged due solely to a lack of objective

support for such an intense level of pain, a conflict with the medical evidence is, nonetheless, a legitimate factor in determining the extent of a plaintiff's pain. E.g., Id. (citing 20 C.F.R. § 404.1529(c)(2)).

Fourth, the ALJ noted that during her application interview plaintiff did not appear to have any functional problems with sitting, standing, walking or using her hands, which also conflicts with her claims that she cannot sit for more than fifteen minutes and is otherwise functionally impaired. [AR 16, 104.] In assessing a plaintiff's credibility, the ALJ may consider such inconsistencies between her actions and statements. See Tonapetyan v. Halter, 242 F.3d at 1148 (ALJ properly cited inconsistent behavior and statements at the hearing and to consultative examiners in finding plaintiff not to be credible).

Fifth, the ALJ observed that there is no indication that plaintiff receives regular pain management treatment, which he inferred suggests she is not in pain as severe as is alleged. [AR 17.] This is a proper consideration. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (finding that unexplained, or inadequately explained, failure to seek treatment or follow a prescribed cause of treatment may be sufficient to discredit an allegation of disabling pain). While plaintiff is correct that benefits may not be denied when the plaintiff failed to obtain treatment due to lack of funds, Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007)(citation omitted), arguing that this is the reason she failed to do so, the record contradicts this contention and establishes that she did, in fact, obtain medical treatment regularly from 2001 to 2009. [E.g., AR 719.]

Finally, the ALJ found plaintiff's testimony regarding her daily

activities was inconsistent with and belied her testimony regarding debilitating pain. [AR 16]. The ALJ noted, for example, that plaintiff contends she can sit for only ten to fifteen minutes at a stretch, often cannot walk, cannot focus due to her medications, cannot do chores, and has nausea, problems with toileting and is regularly fatigued. [AR 16, 30-34.] At the same time, she testified she regularly drives her children to and from school, looks over their homework with them, and does light exercise. [AR 35-37.] A finding that plaintiff has thus made inconsistent statements about her daily activities is a proper basis for a crediblity finding. See <u>Bray v. Comm'r of Soc. Sec. Admin</u>, 554 F.3d 1219, 1227 (9th Cir. 2009) (<u>citing Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing a plaintiff's credibility, the ALJ may consider inconsistencies between her testimony and her conduct and between her testimony and daily activities.)

In any event, an error by the ALJ with respect to one or more factors in a credibility determination is harmless when there "remains substantial evidence supporting the ALJ's conclusions" with respect to plaintiff's credibility. <u>Carmickle v. Comm'r</u>, 533 F.3d 1155, 1162, 1163 (9th Cir. 2008) (citations omitted). Because the credibility finding in this case is ultimately sufficiently supported to permit this court to determine that it was not arbitrary and was based legally sufficient reasons, any error with respect to one aspect of the evaluation would be harmless.

Remand is not warranted.

### VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.

1    2.   This action is **DISMISSED WITH PREJUDICE**.
2    3.   The Clerk of the Court shall serve this Decision and Order
3 and the Judgment herein on all parties or counsel.

DATED: June 13, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge